

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/02/2009

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| PS AMERICA, INC., | § | |
| | § | Case No. 09-37209 (MI) |
| Debtor. | § | |

**ORDER GRANTING EMERGENCY MOTION OF THE DEBTOR FOR ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO PAY CERTAIN PRE-PETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS; AND (B) AUTHORIZING AND DIRECTING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO PROCESS AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND TO HONOR ALL FUNDS TRANSFER REQUESTS MADE BY THE DEBTOR RELATING TO THE FOREGOING**
[Relates to Docket No. 8]

The Court has considered the *Emergency Motion of the Debtor for Order (A) Authorizing, But Not Directing, the Debtor to Pay Certain Pre-Petition Wages, Compensation and Employee Benefits in the Ordinary Course of Business; and (B) Authorizing and Directing Applicable Banks and Other Financial Institutions to Process and Pay All Checks Presented for Payment and to Honor All Funds Transfer Requests Made By the Debtor Relating to the Foregoing* (the "Motion")[1] filed by the above-referenced debtor and debtor in possession (the "Debtor"). The Court finds that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief requested in the Motion is in the best interests of the Debtor and its estate, creditors, and equity security holders, (d) proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary, (e) the relief granted herein is necessary to avoid immediate and

---

[1] Capitalized terms shall have the meanings ascribed to them in the Motion.

irreparable harm to this estate; and (f) good and sufficient cause exists for granting the relief requested in the Motion, after due deliberation upon the Motion and all proceedings before the Court in connection with the Motion. Therefore, it is

**ORDERED** that the Debtor shall be, and is hereby, authorized, but not required, to pay, in its sole discretion, all amounts required under or related to the Employment and Wage Related Taxes. It is further

**ORDERED** that (a) the automatic stay is modified to all Employees to proceed with claims under the Workers' Compensation Programs in the appropriate judicial or administrative fora and (b) the notice requirements under Bankruptcy Rule 4001(d) with respect to sub-paragraph (a) is waived. It is further

**ORDERED** that to the extent that any employment or related agreements may be deemed executory contracts within the meaning of section 365 of the Bankruptcy Code, the Debtor does not at this time seek authority to assume such contracts, and no relief is granted in respect thereof. It is further

**ORDERED** that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtor may have to dispute or contest the amount of, or the basis for, any claims against the Debtor in connection with or relating to the claims addressed by this Order. It is further

**ORDERED** that all applicable banks and other financial institutions (the "Banks") shall be, and hereby are, authorized and directed, when and as requested by the Debtor in the Debtor's sole discretion, to receive, process, honor and pay checks drawn on the Debtor's accounts and any other checks or transfers that are related to Employee Obligations and the costs and expenses

incident thereof, whether those checks or other transfer instructions were presented before or after the date of the commencement of this chapter 11 case. It is further

**ORDERED** that notwithstanding anything to the contrary in any order of this Court, the Banks (a) are authorized and directed to accept and honor all representations from the Debtor as to which checks, drafts, wires or automated clearing house transfers ("ACH Transfers") should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, wires or ACH Transfers are dated prior to, on, or subsequent to the Petition Date, and whether the Banks believe the payment is or is not authorized by an order of this Court and (b) have not duty to inquire as to whether such payments are authorized by an order of this Court. It is further

**ORDERED** that nothing in this Motion or Order shall be construed as impairing the Debtor's right to contest the validity or amount of any Employee Obligation, including but not limited to payroll taxes that may be due to any taxing authority. It is further

**ORDERED** that Rule 6003 of the Bankruptcy Rules has been satisfied. Consistent with Bankruptcy Rule 6003 and the relief requested in the Motion, the Debtor is authorized to pay within twenty days following the Petition Date those payments which become due and owing during such period and those payments which became due prior to the Petition Date. It is further

**ORDERED** that notwithstanding Bankruptcy Rule 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective upon its entry. It is further

**ORDERED** that the Debtor shall serve a copy of this order on each bank holding accounts on behalf of the Debtor within five (5) business days of the date of entry hereof. If no objection is filed to the Motion within twenty (20) days from the date of the entry of this Order, this Order shall become final without further action of this Court. If an objection is filed, the

3

Debtor shall set the Motion for a final hearing at the next available omnibus hearing date. This Interim Order shall remain in effect notwithstanding any objection until further order of this Court. It is further

**ORDERED** that this Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order.

Dated: __10/2__, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

4

WPB 382,078,709v1