

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/08/2009

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| PS AMERICA, INC., | § | |
| | § | Case No. 09-37209 |
| Debtor. | § | |

**ORDER GRANTING DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR (A) AUTHORITY TO RETAIN HG, INC. EFFECTIVE OCTOBER 1, 2009, TO PROVIDE CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL AND (B) APPOINTING RICHARD A. HARMON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER**
(This order relates to Docket No. 42.)

Upon the Application[1] of the debtor and debtor in possession in the above-captioned case (the "Debtor"), requesting entry of an order, pursuant to sections 105(a) and 363(b), authorizing the Debtor to retain HG, Inc. ("Harmon Group"), *nunc pro tunc* to October 1, 2009, to provide a Chief Restructuring Officer and additional personnel on an as needed basis, pursuant to the terms set forth in that certain engagement letter between the Debtor and Harmon Group, dated as of October 1, 2009 (the "Engagement Letter"), including, without limitation, the appointment of Richard A. Harmon as the Debtor's Chief Restructuring Officer; and the Declaration of Richard A. Harmon in support of the Application; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Application is in the best interests of the Debtor, its estate and creditors; and proper and adequate notice of the Application and the hearing thereon has been given and

---

[1] Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Application.

WPB 382,082,956v1 10-7-09

that no other or further notice is necessary; and upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

**IT IS HEREBY**:

**ORDERED** that the Application is GRANTED.

**ORDERED** that the Debtor is authorized to retain Harmon Group on the terms and conditions set forth in the Engagement Letter annexed as Exhibit A to the Harmon Declaration effective as of October 1, 2009.

**ORDERED** that Richard A. Harmon of Harmon Group shall serve as CRO for the Debtor.

**ORDERED** that Mr. Harmon, Harmon Group and its affiliates shall not render any other services (for example and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) for or on behalf of the Debtor's estate.

**ORDERED** that in the event the Debtor seeks to have Harmon Group personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (ii) altering or expanding the scope of the engagement, an application to modify the retention shall be filed.

**ORDERED** that Harmon Group shall file with the Court, with copies to the United States Trustee and all official committees, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

**ORDERED** that no principal, employee or independent contractor of Harmon Group or its affiliates shall serve as a director of any of the above-captioned Debtor during the pendency of the above-captioned case.

**ORDERED** that Harmon Group shall prepare monthly statements summarizing the services provided by Harmon Group, which shall (a) set forth (i) the identity of each of the Additional Officers working on the engagement during the month, (ii) the number of hours worked by Mr. Harmon and each of the Additional Officers each day during the month, (iii) the amounts of compensation received or requested by Harmon Group for the month with respect to Mr. Harmon and each of the Additional Officers, and (iv) a description of the tasks performed each day during the month; and (b) list the expenses incurred by Harmon Group during the month and shall serve the monthly statements in accordance with the terms of any order entered in the Debtor's case establishing procedures for interim compensation and reimbursement of expenses of professionals. Any objection to a monthly statement must be filed and served on Harmon Group and counsel to the Debtor within twenty (20) days of the date of service of that monthly statement. All compensation shall be subject to review by the Court if an objection is filed. The information requirements of FED. R. BANKR. P. 2014 are hereby modified and waived to the extent necessary with respect to Harmon Group.

**ORDERED** that the Engagement Letter and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court, provided that prior to the execution of any modification: (a) the Debtor will provide notice of such changes to all official committees; and (b) the proposed changes shall have no material adverse effect on the Debtor's estate or its creditors.

**ORDERED** that notwithstanding any provision of this Order, the Application or the Engagement Letter to the contrary, approval of Harmon Group's fees and expenses shall be evaluated in accordance with the standards utilized pursuant to 11 U.S.C. § 330, subject to review for reasonableness.

**ORDERED** that the Debtor is permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws attached hereto as <u>Exhibit A</u>, and applicable state law, along with insurance coverage under the Debtor's D&O policy, <u>provided however</u>, that the arbitration provisions contained in the Debtor's bylaws shall not apply. There shall be no other indemnification by the Debtor of Mr. Harmon and Harmon Group and its affiliates.

**ORDERED** that in the event Harmon Group or its affiliates are required by subpoena or other legal process to produce any of their documents or their respective shareholders, members, managers, employees, agents, representatives or subcontractors as witnesses with respect to Harmon Group's services for the Debtor, the Debtor will reimburse Harmon Group for its professional time and expenses, as well as the fees and expenses of Harmon Group's counsel, incurred in responding to such requests.

**ORDERED** that Harmon Group shall disclose any and all facts that it reasonably believes may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

**ORDERED** that to the extent that there is any inconsistency between the terms of this Order and the terms of the Application or the Engagement Letter, the terms of this Order shall control.

**ORDERED** that notwithstanding any term in the Engagement Letter to the contrary, this Court shall be the exclusive jurisdiction for disputes arising from the engagement of Harmon Group while the Bankruptcy Court has jurisdiction over the Debtor.

**ORDERED** that this Court shall retain jurisdiction to consider objections, if any, to requests for fees and reimbursement of expenses submitted by Harmon Group.

Dated: **October 7, 2009**

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**ARTICLE IV**

**INDEMNIFICATION AND ADVANCEMENT OF LITIGATION EXPENSES**

**Section 4.01. Definitions.** As used in this Article IV, the following words and phrases shall have the following meanings:

(a) **Representative.** The word "Representative" shall mean a director, trustee, officer, partner, manager, employee, agent or fiduciary of a corporation, limited liability company, partnership, joint venture, trust, employee benefit plan, or other entity, serving as such at the request in writing of the President or the Chief Financial Officer of the Corporation.

(b) **Indemnitee.** The word "Indemnitee" shall mean a person entitled to the benefits of this Article, such persons being (i) each Director and each officer of the Corporation, (ii) each person serving as a Representative with respect to another entity, and (iii) each other person designated by the Board of Directors as entitled to the benefits of this Article IV in respect of service to the Corporation or to any other entity.

(c) **Claim or Proceeding.** The phrase "Claim or Proceeding" shall mean any actual or threatened claim, action, suit, appeal or other proceeding of any nature, whether judicial (civil or criminal), administrative, investigative or other, whether formal or informal, and whether brought or asserted by or in the right of the Corporation or otherwise, in which an Indemnitee may be involved in any manner, as a party, a witness or otherwise, or is threatened to be made so involved, in either case

(i) by reason of the Indemnitee's action, inaction or status as a Director or officer of the Corporation, or as a Representative with respect to another entity; or

(ii) by reason of the position or relationship to the Corporation of such person if otherwise designated by the Board as an Indemnitee in respect of such position or relationship.

A claim (or counterclaim), action, suit or proceeding brought or initiated by an Indemnitee shall not be included in the meaning of the phrase, "Claim or Proceeding."

(d) **Indemnify.** To "indemnify" includes to defend and hold harmless.

(e) **Liability and Expense.** The word "Liability" shall mean any obligation incurred or amount paid by an Indemnitee for or with respect to a judgment, excise tax, fine, penalty and, if approved by the Board of Directors, any amount paid in settlement of a Claim or Proceeding in respect thereof. "Liabilities" shall include, without limitation, liabilities resulting from any actual or alleged breach or neglect of duty, error, misstatement or misleading statement, negligence, gross negligence or act giving rise to strict or products liability. The word "Expense" in a Claim or Proceeding shall mean an expense actually and reasonably incurred by an Indemnitee in the preparation, investigation, defense, appeal or settlement of such Claim or Proceeding, but shall include fees and expenses of counsel selected by the Indemnitee only if the Corporation has not at its expense assumed the defense of the action on behalf of the Indemnitee with appropriate counsel selected by the Corporation. In an action initiated by an Indemnitee under Section 4.04, "Expense" shall include, without limitation, the reasonable fees and expenses of counsel selected by the Indemnitee.

**Section 4.02. Right to Indemnification.** Each Indemnitee shall be entitled as of right to be indemnified by the Corporation against Expenses and Liabilities paid or incurred by the Indemnitee in connection with any Claim or Proceeding to the fullest extent permitted pursuant to a bylaw authorized by Section 1746 of the Business Corporation Law, unless a final unappealable judgment or award in such Claim or Proceeding establishes that the Indemnitee engaged in self-dealing, willful misconduct or recklessness.

**Section 4.03. Right to Advancement of Expenses.** Every Indemnitee shall be entitled as of right to have his or her expenses in connection with any Claim or Proceeding, or in initiating and pursuing an action under Section 4.04, paid in advance by the Corporation, provided that the Corporation receives a written undertaking by or on behalf of the Indemnitee to repay the amount advanced if it should ultimately be determined that the Indemnitee is not entitled to be indemnified for such Expenses. The financial ability of an Indemnitee to repay an advance shall not be a prerequisite to the making of such advance.

**Section 4.04. Right of Indemnitee to Indemnification Where Indemnitee Initiates Action.** If a written request for indemnification or advancement of expenses made by an Indemnitee under Section 4.02 or Section 4.03 is not paid in full by the Corporation within thirty days after such request has been received by the Corporation, the Indemnitee may at any time

thereafter initiate an action to recover the unpaid amount of the claim and, if successful in whole or in part, the Indemnitee shall also be entitled to be paid the Expense of prosecuting such action.

Section 4.05. **Defenses; Presumptions. (a) Claim for Indemnification.** The only defense to an action to recover a claim for indemnification otherwise properly asserted under Section 4.02 shall be that the Indemnitee's conduct was such that under applicable law the Corporation is prohibited from indemnifying the Indemnitee for the particular Liability or Expense claimed.

(b) **Claim for Advancement of Expenses.** The only defenses to an action to be paid on a claim for advancement of Expenses otherwise properly asserted under Section 4.03 shall be that the claim does not properly constitute an "Expense" as defined in Section 4.01(e), or that the Indemnitee failed to provide the undertaking required by Section 4.03.

(c) **Effect of Termination of Claim or Proceeding.** The termination of a Claim or Proceeding by judgment, order, settlement or conviction or upon a plea of nolo contendere or its equivalent shall not of itself create a presumption that the Indemnitee is not entitled to indemnification.

(d) **Certain Determinations.** Neither (i) the failure of the Corporation to have made a determination that indemnification or advancement of Expenses is proper, nor (ii) a determination by or on behalf of the Corporation (including by the Board of Directors, independent legal counsel or the shareholders) that the Indemnitee's conduct (A) was not in the best interests of the Corporation, (B) constituted negligence, or (C) was such that indemnification or advancement of Expenses is prohibited under the standard set forth in Section 4.02, shall be a defense to an Indemnitee action under Section 4.04 or create a presumption that the Indemnitee's conduct was such that indemnification or advancement of Expenses cannot be provided under this Article IV.

Section 4.06. **Insurance and Funding.** The Corporation may purchase and maintain insurance to protect itself and any Indemnitee against any Liability or Expense incurred by such person in connection with any Claim or Proceeding, whether or not the Corporation would have the power to indemnify such person against such Liability or Expense by law or under the provisions of this Article IV. The Corporation may create a fund of any nature, which may, but need not, be under the control of a trustee, or grant a security interest, cause a letter of credit to be issued or use other means (whether or not similar to the foregoing) to ensure the payment of

such sums as may become necessary to effect indemnification or advancement of Expenses as provided herein.

      **Section 4.07. Non-Exclusivity; Nature and Extent of Rights.** The rights to indemnification and advancement of Expenses provided for in this Article IV shall

      (i)      not be deemed exclusive of any other rights, whether now existing or hereafter created, to which any Indemnitee may be entitled under any agreement or the Articles or Bylaws of the Corporation, or by vote of shareholders or disinterested directors or otherwise,

      (ii)      be deemed to create contractual rights in favor of each Indemnitee who provides services at any time while this article IV is in effect (and each Indemnitee shall be deemed to be so serving in reliance on the provisions of this Article IV), and

      (iii)      continue as to each Indemnitee who has ceased to have the status pursuant to which he or she was entitled or was designated as entitled to indemnification under this article IV, as to a Claim or Proceeding which is based upon actions or inaction taken or not take prior to such termination,

and shall inure to the benefit of the heirs and legal representatives of each Indemnitee. Any amendment or repeal of this article IV or adoption of any Bylaw or provision of the Articles of Incorporation of the Corporation which has the effect of limiting in any way the rights to indemnification or advancement of Expenses provided for in this Article IV shall operate prospectively only and shall not affect any action taken, or failure to act, by an Indemnitee prior to such adoption, amendment, or repeal.

      **Section 4.08. Partial Indemnity; Contribution.**

      (a) If an Indemnitee is entitled under any provision of this Article IV to indemnification by the Corporation for some or a portion of the Expenses or Liabilities paid or incurred by the Indemnitee in the preparation, investigation, defense, appeal or settlement of any Claim or Proceeding or any action brought under Section 4.04 but not, however, for the total amount thereof, the Corporation shall indemnity the Indemnitee for the portion of such Liabilities and Expenses to which the Indemnitee is entitled. If a Claim or Proceeding involves more than one claim, issue or matter, the determination as to whether the Indemnitee is entitled to

indemnification or advancement of expenses shall be severable as to each claim, issue and matter.

(b) If the indemnification or advancement of expenses provided for in this Article IV or otherwise is unavailable for any reason in respect of any Liability or portion thereof, the Corporation shall contribute to the Liabilities and Expenses to which the Indemnitee may be subject in such proportion as is appropriate to reflect the intent of this Article IV.

**Section 4.09. Interpretation.** The provisions of this Article IV are intended to constitute bylaws authorized by Section 1746 of the Business Corporation Law.

**Section 4.10. [REDACTED]**