UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CHARLES F. McVAY
UNITED STATES TRUSTEE
NANCY  L. HOLLEY
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, TX   77002
Telephone:     (713) 718-4650
Fax:     (713) 718-4670

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON  DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PS AMERICA INC. | § | CASE NO. 09-37209-H1-11 |
| | § | CHAPTER 11 |
| DEBTOR | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION
FOR ENTRY OF AN ORDER AUTHORIZING (A) CONTINUED USE OF (1) EXISTING
BANK ACCOUNTS, (II) BUSINESS FORMS AND (III) CASH MANAGEMENT SYSTEM
AND (B)WAIVER OF INVESTMENT GUIDELINES**
**(docket  #7)**

TO:    THE HONORABLE MARVIN ISGUR
        UNITED STATES BANKRUPTCY JUDGE

        COMES NOW, CHARLES F. McVAY, UNITED STATES TRUSTEE FOR THE

SOUTHERN DISTRICT OF TEXAS  ("UST") through the undersigned in furtherance of his

administrative duties and files this objection to the Debtor's  EMERGENCY MOTION FOR

ENTRY OF AN ORDER AUTHORIZING (A) CONTINUED USE OF (1) EXISTING BANK

ACCOUNTS, (II) BUSINESS FORMS AND (III) CASH MANAGEMENT SYSTEM AND

(B)WAIVER OF INVESTMENT GUIDELINES ("Cash Management Motion") and requests that

the Court delay or deny consideration of said motion for the following

1.      Charles F. McVay is the United States Trustee for the Southern and Western Districts of

Texas.

2.      The UST is an officer of  the United States Department of Justice.  28 U.S.C. §581.  His

duties are set forth in 28 U.S.C. §586, 11 U.S.C. §307,  and throughout the Bankruptcy Code. 11

U.S.C. §101 et. seq.

3.      One significant responsibility of the UST is to supervise the administration of cases under

Chapter 11 of the Bankruptcy Code.  28 U.S.C. §586.  One of the duties specifically enumerated

is the monitoring of banking and investments.  28 U.S.C. §586(a)(4); 11 U.S.C. §345.

4.      On September 30, the Debtor filed its Cash Management Motion requesting continued use

of it current banks, forms and investment vehicles.

5.      The Debtors' current bank, First National Bank of Pennsylvania, ("FNBP") is not an

authorized depository bank for the UST in Region 7.  Debtor's counsel has informed the

undersigned that FNBP is an authorized depository for Region 3.   A depository agreement for

Region 7 has been forwarded to counsel for the Debtor, but has not yet been completed and

returned by FNBP.  Until this is done and the Debtor's funds are protected by a pledge of

collateral or a bond to the UST, aggregate funds in FNBP over $250,000 will be at risk.

6.      On information and belief, the Debtor's funds are currently being held in seventeen (17)

FNBP accounts.  The purpose for so many accounts is still not known to the UST.  The Debtor

discloses in its first day filings that prior to filing funds were transferred from the Debtor to and

among two other businesses with common ownership.   The UST objects to the transfer of any

funds out of the Debtor and into related affiliated companies, and would request further time to

investigate the purpose of the Debtor's many bank accounts.

7.      On information and belief, at least two of the Debtor's accounts in FNBP are investment

accounts that probably do not fall under FDIC insurance coverage.  The UST objects to the

holding of Debtor funds in investment accounts not covered by FDIC insurance or otherwise

collateralized to the UST for the bankruptcy estate.

8.      The Debtor briefly mentions at paragraph 14 of the Cash Management Motion that it funds

a checking account for health insurance.  The undersigned has recently been informed by

Debtor's counsel that the Debtor "self-insures" its employees with such funds.  However, counsel

has informed the Court that the Debtor was out of money on the petition date, making self-

insurance questionable.  The undersigned has requested documentation regarding the fund

balance in such insurance account as of the petition date.  The undersigned has also requested

information regarding the nature of the insurance promised to employees and documentation of

recent claims and settlements.  Until this investigation is completed, the UST would request that

the Court not authorize continuation of health insurance bank accounts.


        WHEREFORE, THE UNITED STATES TRUSTEE PRAYS THAT this Court deny

approval of the Debtor's Cash Management Motion without prejudice or postpone its

consideration to permit the UST to investigate the Debtor's banking arrangements, consult with

the newly hired CRO, pursue authorization of FNBP as an approved depository, and negotiate a

cash management arrangement acceptable under 11 U.S.C. §345.

DATED this the 14th day of October, 2009.

CHARLES F. McVAY
UNITED STATES TRUSTEE

/s/ Nancy L. Holley
NANCY L. HOLLEY
TRIAL ATTORNEY
State Bar No. 09875550
515 Rusk, Suite 3516
Houston, TX   77002
(713) 718-4650 x232

## CERTIFICATE OF SERVICE

       The undersigned does hereby certify that a copy of the above <u>EMERGENCY MOTION</u> <u>FOR ENTRY OF AN ORDER AUTHORIZING (A) CONTINUED USE OF (1) EXISTING</u> <u>BANK ACCOUNTS, (II) BUSINESS FORMS AND (III) CASH MANAGEMENT SYSTEM</u> <u>AND (B)WAIVER OF INVESTMENT GUIDELINES</u> has been served upon Debtor's Counsel, and  parties requesting notice by ECF transmission on the 14th day of October, 2009.


                                    <u>/s/ Nancy L. Holley</u>
                                      NANCY L. HOLLEY
                                      TRIAL ATTORNEY
                                      State Bar No. 09875550
                                      515 Rusk, Suite 3516
                                      Houston, TX   77002
                                      (713) 718-4650 X232


**Debtor's counsel**

Magdalene Duchamp Conner
Shari L Heyen
Greenberg Traurig LLP
1000 Louisiana
Ste 1800
Houston, TX 77002