IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| PS AMERICA, INC., | § | |
| | § | Case No. 09-37209 (MI) |
| Debtor. | § | |

**AGREED SCHEDULING ORDER FOR CONTESTED HEARING ON THE EMERGENCY MOTION OF THE DEBTOR FOR ORDER (A) AUTHORIZING THE DEBTOR TO (I) OBTAIN POSTPETITION FINANCING PURSUANT TO SECTION 364 OF TITLE 11 OF THE UNITED STATES CODE; (II) TO GRANT LIENS AND SUPERPRIORITY CLAIMS; AND (III) TO OBTAIN EMERGENCY POSTPETITION FINANCING PENDING FINAL HEARING AND (B) SCHEDULING FINAL HEARING**

In connection with the above-captioned motion, for which the Official Committee of Unsecured Creditors (the "Committee") will be filing an objection by the agreed-to extended objection deadline of October 28, 2009 at 5:00 p.m. (Central Time), the parties have agreed to the following terms for the exchange of discovery and the application of the following deadlines and settings:

1. The Debtor shall use reasonable efforts to produce to Lowenstein Sandler PC, via the email addresses provided in the notice of appearance filed by them as Committee Counsel, the non-privileged documents requested in the Committee's document request, attached hereto as Exhibit "A," by Wednesday, October 28, 2009 at 10:00 a.m. (Central Time). The Debtor will designate any confidential information with the designation "Professionals' Eyes Only." The Debtor may also redact highly sensitive personal employee information and information concerning the identity of its current customers. To the extent that any previously identified confidential information is used at the October 30, 2009 hearing, it will be submitted to the court under seal.

-2-

2. The Debtor shall submit the Debtor's CRO, Richard Harmon, as its witness, pursuant to Federal Rule of Civil Procedure 30(b)(6), with the most knowledge of the above-captioned motion for a deposition at Greenberg Traurig, LLP's Houston office on Thursday, October 29, 2009 at 3:00 p.m.

Agreed to this 27th day of October 2009:

| LOWENSTEIN SANDLER PC | Greenberg Traurig, LLP |
|---|---|
| By: */s/ David M. Banker* | By: */s/ Shari L. Heyen* |
| Bruce S. Nathan | Shari L. Heyen, Esq. |
| David M. Banker | 1000 Louisiana Street |
| 1251 Avenue of the Americas | Suite 1800 |
| New York, NY 10020 | Houston, TX 77002 |
| Tel: (212) 262-6700 | Tel: (713) 374-3500 |
| Fax: (212) 262-7402 | Fax: (713) 374-3505 |

# EXHIBIT "A"

**DOCUMENT REQUEST**

**DIP Budget (in Excel format) to be attached to proposed final DIP Order**

**Written Assumptions**
- General Documents
  - Credit terms, if any
  - DIP Lender fees
  - DIP lender interest rates and payments
  - DIP lender restricted account assumptions
  - Any other general assumptions

- Sales Assumptions
  - Number of stores
  - Methodology for projecting sales (based on LY, current run rate?)
  - Monthly sales for 2008 and 2009, by store
  - Relationship of deposits to sales in the Budget
  - Sales order backlog, if any

- Rent
  - Rent by store and by each administrative location
  - Reconciliation of Budget monthly rents versus annual rent

- Payroll
  - Detail for payrolls of segregate by stores and by each administrative location
  - Headcounts for each location

- Supplier-post in budget attached to interim DIP order
  - Basis for amounts

- Supplier – 20 day pre in budget attached to interim DIP order
  - Provide amount by vendor/customer

- Supplier – 20 day pre last 3 days in budget attached to interim DIP order
  - Provide amount by vendor/customer
  - How does this item differ from supplier – 20 day pre?

- Referral fees
  - Explain nature of this item (as both cash outflow and cash inflow) and provide detail

-4-

**Other Documents**
- Inventory Balance and Roll-forward
- Restricted Cash Balance(s) and Roll-forward, including description of assumptions underlying these accounts and the related flow of funds
- Account Payable/Accrued Expense Balances and Roll-forward
- Actual Results vs. Budget Results (from beginning of case) - explain significant variances
- Any projections used by the Debtor to market the company for sale